# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IRONWOOD STATE PRISON, et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-02738-FMO (SHK)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, Defendant's Motion for Summary Judgment, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report recommends the grant of summary judgment in favor of the sole remaining Defendant, a prison guard, because Plaintiff, an inmate, raised no genuine dispute of material fact as to whether Defendant used excessive force in breaking up a physical altercation between Plaintiff and another inmate. (ECF No. 85.) For the following reasons, Plaintiff's objections to the Report do not warrant a change to the Magistrate Judge's findings and recommendation.

  Plaintiff objects that he was "struck multiple times by the Defendant" while Plaintiff was "offering no resistance whatsoever and complying with [Defendant's] orders." (ECF No. 87 at 2.) But as the Report noted, even though this allegation is accepted as true, it did not raise a genuine dispute of material fact. (ECF No. 85 at 12.) Even though Plaintiff did not resist Defendant, it nonetheless is undisputed that Plaintiff was engaged in an altercation with another inmate immediately before force was used, which gave rise to the apparent emergency. (ECF No. 12 at 5; ECF No. 79-3 at 21-24.) As the Report found, a prison guard's use of force to stop an altercation between inmates does not constitute cruel and unusual punishment. (ECF No. 85 at 18-20.)

  Plaintiff objects that "at no time was [he] combative." (ECF No. 87 at 2.) This allegation, however, contradicts Plaintiff's prior admissions, including his sworn testimony, that he was engaged in an altercation with another inmate when Defendant used force. (ECF No. 79-3 at 21-24.) Therefore, this objection does not raise a genuine dispute of material fact. *See United States v. 1980 Red Ferrari*, 827 F.2d 477, 480 n.3 (9th Cir. 1987) (holding that self-contradictory testimony created no genuine dispute of material fact).

  Plaintiff objects that he sustained serious injuries and continuing medical problems from the incident. (ECF No. 87 at 2-3.) But the Report acknowledged that Plaintiff "suffered fairly serious injuries from Defendant's use of force." (ECF No. 85 at 21.) This did not mean that Defendant's use of force was unconstitutional. (*Id*.) "[A]n officer who harms an inmate as part of a good faith effort to maintain security has acted constitutionally[.]" *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018); *Jeffers v. Gomez*, 267 F.3d 895, 912 (9th Cir. 2001) (recognizing "that a prison guard is permitted to use deadly force 'in a good faith effort to maintain or restore discipline'" (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) ("The 'core judicial inquiry,' . . . [is] not whether a certain quantum of injury was sustained, but rather

'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'") (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Defendant's Motion for Summary Judgment (ECF No. 79) is granted; and (3) Judgment shall be entered dismissing this action with prejudice.

DATED: September 5, 2023

                                            _____/s/_____
                                                 FERNANDO M. OLGUIN
                                       UNITED STATES DISTRICT JUDGE